**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASCANI CORP., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES YI, an individual,<br>PHINEAS YI, an individual,<br>MEGAN YI, an individual,<br>ELLEN YI, an individual,<br>METATEC CALIFORNIA, LLC, a California limited liability company,<br>EXP DEVELOPMENT, LLC, a Wyoming limited liability company,<br>INVICTUS GLOBAL GROUP, LLC, a Wyoming limited liability company,<br>JEREMIAH SHIN, an individual,<br>MCKINLEY HLADY, an individual,<br>JAYSON SHONE, an individual,<br>DANIEL KIM, an individual,<br>DANIEL CHOI, an individual,<br>JOSH KANG, an individual,<br>METATEC GLOBAL, and<br>390 FLOYD DEVELOPMENT PARTNERS,<br><br>Defendants. | Case No. 8:26-cv-00356-JWH-KES<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS [ECF No. 29]** |

Before the Court is the motion of Defendants 390 Floyd Development Partners; EXP Development, LLC; Invictus Global Group, LLC; MetaTec California, LLC; MetaTec Global, LLC; Charles Yi, and Ellen Yi to dismiss the Complaint of Plaintiff Ascani Corp.[1] Ascani opposes the Motion.[2] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition, the Court orders that Defendants' Motion is **DENIED without prejudice**, and, on the Court's own motion, Ascani is **GRANTED leave to amend** his Complaint for the reasons set forth below.

Ascani asserts seven claims for relief for securities fraud, fraud in the inducement, common law fraud, breach of contract, unjust enrichment, conversion, and civil conspiracy.[3] Defendants move to dismiss all claims pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure.[4] In its Opposition, Ascani requests leave to amend its pleading if the Court should rule in favor of Defendants.[5]

In view of the Court's limited judicial resources, it is loath to adjudicate serial motions to dismiss Ascani's claims. Instead, the Court will direct the parties to engage in a rigorous L.R. 7-3 Conference of Counsel and will grant Ascani leave to file an amended pleading. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (instructing lower courts that "Rule 15 advises the court that 'leave shall be freely given when justice so requires'" and that "[t]his policy is 'to be applied with extreme liberality'") (citation and

---

1 Defs.' Mot. to Dismiss (the "Motion") [ECF No. 29].

2 Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 32].

3 *See generally* Compl. [ECF No. 1].

4 *See generally* Motion.

5 Opposition ¶¶ 53 & 54.

quotation omitted). The Court suggests that Ascani take this opportunity to consider carefully Defendants' criticism of its current pleading and to present its best pleaded claims, as the Court will be unlikely to grant further leave to amend.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' instant Motion [ECF No. 29] is **DENIED without prejudice**.

2. The parties are **DIRECTED** forthwith to engage in an additional L.R. 7-3 Conference of Counsel regarding the alleged infirmities in Ascani's Complaint.

3. Ascani is **DIRECTED** to file an amended pleading, if at all, no later than July 31, 2026. If Ascani chooses to file an amended pleading, then it is also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to Complaint that provides the Court with a redline version showing the amendments.

4. Defendants are **DIRECTED** to file their respective responses to Ascani's operative pleading no later than August 21, 2026.

**IT IS SO ORDERED.**

Dated: July 13, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE